IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE KYJEN COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-15119 |
| v. ) | |
| ) | |
| THE INDIVIDUALS, CORPORATIONS, ) | **Judge Virginia M. Kendall** |
| LIMITED LIABILITY COMPANIES, ) | |
| PARTNERSHIPS, AND UNINCORPORATED ) | |
| ASSOCIATIONS IDENTIFIED ON SCHEDULE ) | **Magistrate Judge Maria Valdez** |
| A TO THE COMPLAINT, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT SOON'S MOTION TO DISMISS
PLAINTIFF'S COMPLANT AND VACATE PRELIMINARY INJUNCTION**

Plaintiff THE KYJEN COMPANY, LLC ("Plaintiff"), hereby moves the Court to strike Defendant Soon's (Doe. 145, "Defendant") Motion to Dismiss Plaintiff's Complaint and Vacate Preliminary Injunction (Dkt. 44, "Motion") ("Defendant's Motion") for violating the Federal Rules of Civil Procedure, as well as the Local Rules for the Northern District of Illinois ("Local Rules").

On January 19, 2024, He Lan, an individual, filed the Motion on behalf of Soon, a company, seeking to represent Soon *pro se*. Motion at 1 (noting that "Defendant Soon (Doe. 145) is an [sic] Walmart store," that the store was "created by an individual operator named He Lan," and that Defendant "represents itself"). Additionally, the Motion was not signed by a licensed attorney. *Id.* at 3. The law clearly establishes that a corporation or other artificial entity—like Defendant—cannot appear in federal court unless represented by legal counsel. *See, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It

has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court."); *Strong Del. Min. Ass'n. v. Board of App. of Cook County*, 543 F.2d 32, 33 (7th Cir. 1976) (In construing the language of 28 U.S.C. § 1654, the "contention that a corporation may enter an appearance in proper person or through its president has been consistently rejected."). Likewise, the Local Rules prohibit the practice of law without a license (Ill.Rev.Stat. ch. 13, ¶ 1), and the Corporation Practice of Law Prohibition Act bars a corporation from appearing in court except through a licensed attorney (Ill.Rev.Stat. ch. 32, ¶ 411). Simply put, He Lan is not permitted to act on behalf of Soon, and the Motion is therefore an impermissible filing.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In addition, this Court has the "inherent power to strike impermissible filings" other than pleadings.[1] *See White v. Dep't of Justice*, Case No. 16-cv-948-JPG-DGW (S.D. Ill. Feb. 15, 2019). Courts have stricken motions filed by individuals proceeding *pro se* on behalf of a corporation, as Defendant has here. *See, e.g.*, Order, *Metzfab Industries v. The Individuals et al.*, Case No. 1:23-cv-23867 (Dkt. 54) (S.D. Fla. Dec. 15, 2023). Because the Motion is an "impermissible filing," the Motion should be stricken.

---

[1] *See also Unytite, Inc. v. Lohr Structural Fasteners, Inc.*, 91 C 2849, 1992 WL 34143, at *6 (N.D. Ill. Feb. 13, 1992) (granting motion to strike affidavit and exhibit in plaintiff's response to motion to dismiss); *Hanover Ins. Group v. Singles Roofing Co.*, 10 C 611, 2012 WL 2368328, at *9 (N.D. Ill. June 21, 2012) (granting motion to strike unauthorized and untimely supplemental response brief to preliminary injunction motion)).

WHEREFORE, Plaintiff respectfully requests this Court issue an Order directing the Clerk to Strike Defendant's Motion, and for such further relief as this Court deems just and proper.

Dated: January 24, 2024

Respectfully submitted,

*/s/ Alisha Moriceau*
Alisha Moriceau (NDIL No. 1011395)
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Tel: (954) 356-0011
amoriceau@bsfllp.com

*Attorney for Plaintiff The Kyjen Company, LLC.*